**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2024 IL App (3d) 230433-U

Order filed September 19, 2024

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2024

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 12th Judicial Circuit, Will County, Illinois, |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Appeal No. 3-23-0433 Circuit No. 22-CF-1624 |
| | ) | |
| JUAN J. MORALES, | ) ) | Honorable Vincent F. Cornelius, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE DAVENPORT delivered the judgment of the court.
Justices Holdridge and Hettel concurred in the judgment.

_____

**ORDER**

¶ 1    *Held*:  The statute criminalizing the possession of weapons by felons is constitutional on its face.

¶ 2    Defendant, Juan J. Morales, appeals his conviction for unlawful possession of a weapon by a felon (UPWF) (720 ILCS 5/24-1.1(a) (West 2022)), arguing the statute governing the offense is facially unconstitutional. Defendant contends prohibiting felons from possessing firearms under the UPWF statute infringes on the constitutionally protected right to bear arms and is inconsistent with this country's historical tradition of firearm regulation. We disagree and affirm.

¶ 3                                    I. BACKGROUND

¶ 4        After a bench trial, the trial court found defendant guilty of UPWF (*id.*), two counts of aggravated unlawful use of a weapon (AUUW) (*id.* § 24-1.6(a)(1), (a)(3)(A-5), (a)(3)(C)), and driving while license revoked (625 ILCS 5/6-303 (West 2022)). At sentencing, the court merged the AUUW counts into the UPWF count. It sentenced defendant to concurrent terms of three years for UPWF and one year for driving while license revoked. This appeal followed.

¶ 5                                    II. ANALYSIS

¶ 6        Defendant contends the UPWF statute (720 ILCS 5/24-1.1(a) (West 2022)) is facially unconstitutional in light of the United States Supreme Court's decision in *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022).

¶ 7        We presume statutes are constitutional. *People v. Wells*, 2023 IL App (3d) 210292, ¶ 19. Whenever reasonably possible, we must interpret statutes to uphold their constitutionality. *Id.* Therefore, the challenging party bears the burden of establishing that a statute is constitutionally invalid. *People v. McKown*, 2022 IL 127683, ¶ 29. A statute is only facially unconstitutional "if no set of circumstances exists under which it would be valid." *Caulkins v. Pritzker*, 2023 IL 129453, ¶ 29. We review *de novo* whether a statute is constitutional. *Wells*, 2023 IL App (3d) 210292, ¶ 19.

¶ 8        The second amendment to the United States Constitution provides, "A well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed." U.S. Const., amend. II. This fundamental right has limitations. *District of Columbia v. Heller*, 554 U.S. 570, 595 (2008). In *Bruen*, the Supreme Court established a two-step analysis for determining the constitutionality of a statute regulating firearms. *Bruen*, 597 U.S. at 26-27. First, courts must determine whether the defendant's conduct falls within the

2

second amendment's plain text. *Id.*; *People v. Travis*, 2024 IL App (3d) 230113, ¶ 24. Second, courts must evaluate "whether 'historical precedent' from before, during, and even after the founding evinces a comparable tradition of regulation." *Bruen*, 597 U.S. at 27 (quoting *Heller*, 554 U.S. at 631). "Determining whether historical regulations are properly analogous to a modern firearm regulation requires courts to decide whether the two regulations are 'relevantly similar.' " *Travis*, 2024 IL App (3d) 230113, ¶ 24 (quoting *Bruen*, 597 U.S. at 29). *Bruen*'s second step focuses on " 'how and why the regulations burden a law-abiding citizen's right to armed self-defense.' " *Id.* (quoting *Bruen*, 597 U.S. at 29).

¶ 9 The UPWF statute satisfies *Bruen*'s first step because the possession of a firearm falls squarely within the second amendment's plain text. See *United States v. Collette*, 630 F. Supp. 3d 841, 844 (W.D. Tex. 2022). We recently reached the same conclusion in *Travis*. *Travis*, 2024 IL App (3d) 230113, ¶ 25. We also concluded there exists a historical analogue to the UPWF statute. *Id.* ¶ 33.

¶ 10 Defendant agrees with *Travis* to the extent we held "the people" protected by the second amendment includes those with a felony conviction. However, defendant argues the UPWF statute has no historical analogue because its permanent ban on firearm possession based on felon status is inconsistent with precursory dispossession regulations that traditionally permitted lifting status-based prohibitions under qualifying circumstances.

¶ 11 We reject defendant's contention for two reasons. First, the UPWF statute is not an absolute permanent ban because it contains an express exception for those who have obtained relief under section 10 of the Firearm Owners Identification Card Act (430 ILCS 65/10 (West 2022)). See 720 ILCS 5/24-1.1(a) (West 2022). Second, *Bruen* does not require the UPWF statute to be identical or operate exactly as its predecessors. See *Bruen*, 597 U.S. at 29. Our historical analysis in *Travis*

3

revealed that modern statutes criminalizing the possession of firearms by felons evolved from preexisting, founding-era regulations that disarmed criminals and other dangerous persons. *Travis*, 2024 IL App (3d) 230113, ¶¶ 29-33. The UPWF statute is consistent with this country's history of restricting individuals that have committed crimes from exercising the right to bear arms and imposes virtually no burden on the right for law-abiding citizens. *Id.* ¶ 33. We adhere to *Travis* and find the UPWF statute facially constitutional.[1]

¶ 12    In reaching our conclusion, we reject defendant's contention that our decision in *Travis* is distinguishable because it addresses the offense of unlawful use of a weapon by a felon (UUWF), not UPWF. We disagree. The full title of the statute is "Unlawful use or possession of weapons by felons or persons in the custody of the Department of Corrections facilities." 720 ILCS 5/24-1.1 (West 2022). Whether the offense is labeled UUWF or UPWF is a distinction without a difference. There is only one offense under the statute. *People v. Williams*, 2016 IL App (3d) 120840, ¶ 9 n.1.

¶ 13                                 III. CONCLUSION

¶ 14    For the reasons stated, we affirm the judgment of the circuit court of Will County.

¶ 15    Affirmed.

---

[1]We note that during the pendency of this appeal, the U.S. Supreme Court issued a decision in *United States v. Rahimi*, 602 U.S. ___, 144 S. Ct. 1889 (2024), in which it upheld a federal statute that prohibited individuals subject to a domestic violence restraining order from possessing a firearm. After reviewing *Rahimi* and the parties' related supplemental briefs, we find that decision does not change the above analysis.

4