**NOTICE:** This order was filed under Illinois Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2026 IL App (3d) 250094-U

Order filed January 30, 2026

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2026

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 13th Judicial Circuit, La Salle County, Illinois, |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Appeal No. 3-25-0094 Circuit No. 23-CF-410 |
| FERNANDO J. MARTINEZ, | ) ) ) | Honorable Howard C. Ryan Jr., |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE ANDERSON delivered the judgment of the court.
Justices Holdridge and Brennan concurred in the judgment.

_____

**ORDER**

¶ 1    *Held*:   The statute under which defendant was convicted is constitutional on its face.

¶ 2    Defendant, Fernando J. Martinez, appeals his unlawful possession of a weapon by a felon (UPWF) conviction, arguing the UPWF statute criminalizing the possession of weapons by felons is facially unconstitutional under both the United States and Illinois Constitutions. We affirm.

¶ 3                                I. BACKGROUND

¶ 4　　　　Following a jury trial, defendant was found guilty of home invasion (720 ILCS 5/19-6(a)(4) (West 2022)) and UPWF (*id.* § 24-1.1(a)). For the UPWF offense, the State alleged defendant possessed a firearm after having been previously convicted of a felony and he was on mandatory supervised release at the time. The evidence established defendant and another individual broke into a residence, defendant pointed a firearm at the victim and demanded the code to the safe, and when the victim said she did not know the code, defendant hit her on the head with the firearm and absconded with various property. The La Salle County circuit court sentenced defendant to concurrent terms of 28 and 5 years' imprisonment for home invasion and UPWF, respectively. Defendant appeals.

¶ 5　　　　　　　　　　　　　　　　II. ANALYSIS

¶ 6　　　　On appeal, defendant argues the UPWF statute is facially unconstitutional under both the United States and Illinois Constitutions. Specifically, defendant challenges the lifetime prohibition of possessing a firearm for felons.All statutes are presumed constitutional and we must uphold their constitutionality whenever reasonably possible. *People v. Wells*, 2023 IL App (3d) 210292, ¶ 19. A facial challenge to a statute can only overcome this presumption by showing that the statute is unconstitutional under any set of circumstances. *People v. Hilliard*, 2023 IL 128186, ¶ 21. We review *de novo* the constitutionality of a statute. *Wells*, 2023 IL App (3d) 210292, ¶ 19.

¶ 7　　　　In *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1, 26-27 (2022), the United States Supreme Court set forth a two-pronged analysis for evaluating the constitutionality of statutory firearm regulations.[1] First, we must determine whether the conduct at issue is protected under the plain text of the second amendment. *Id.* If so, we then consider whether the regulation

---

[1]The Court emphasized regulations prohibiting felons from possessing firearms remain presumptively lawful post-*Bruen*. *United States v. Rahimi*, 602 U.S. 680, 699 (2024).

justifiably comports with history and tradition. *Id.*; *People v. Travis*, 2024 IL App (3d) 230113, ¶ 24. Applying this framework, we upheld the facial constitutionality of the unlawful use of a weapon by a felon (UUWF) statute in *Travis*, 2024 IL App (3d) 230113, ¶ 33.[2]

¶ 8      We resolved *Bruen*'s first step by concluding that disarming felons falls within the plain text of the second amendment. *Id.* ¶ 25. The amendment's plain language guaranteeing the "right of the people to keep and bear Arms" covers the possession of firearms and does not exclude felons from "the people" to whom it applies. U.S. Const., amend II; *Travis*, 2024 IL App (3d) 230113, ¶ 25. Considering *Bruen*'s second prong, our historical analysis in *Travis* demonstrated that the UUWF statute is consistent with this country's history and tradition of disarming individuals that violate the law or are deemed dangerous. *Travis*, 2024 IL App (3d) 230113, ¶¶ 27-33. The twentieth century laws prohibiting felons from possessing firearms evolved from comparable status-based restrictions dating back to the founding era. *Id.* ¶¶ 28-31. *Bruen*'s historical inquiry only requires that the challenged regulation have "a well-established and representative historical *analogue*, not a historical *twin*." (Emphases in original.) *Bruen*, 597 U.S. at 30. Analogous modern and historical regulations are determined by their relative similarities, which include, *inter alia*, " 'how and why the regulations burden a law-abiding citizen's right to armed self-defense.' " *Travis*, 2024 IL App (3d) 230113, ¶ 24 (quoting *Bruen*, 597 U.S. at 29). The disarmament of felons based on their criminal convictions is consistent with a longstanding history and tradition of similar firearm prohibitions disarming individuals that engaged in criminal conduct or posed a danger to society. *Id.* ¶¶ 29-31. Like its historical antecedents, the UUWF statute imposes practically no burden on the second amendment rights of law-abiding citizens. *Id.* ¶ 33.

---

[2]*Travis* alternatively refers to the same singular offense codified under section 24-1.1 of the Criminal Code of 2012 (720 ILCS 5/24-1.1 (West 2020)) as UUWF. See *People v. Morales*, 2024 IL App (3d) 230433-U, ¶ 12 ("Whether the offense is labeled UUWF or UPWF is a distinction without a difference.").

¶ 9        While defendant contends these historical predecessors cannot provide a proper analogue for the permanent disarmament of felons, the UPWF statute does not provide an indissoluble ban as a felon can be exempt from its provisions by successfully obtaining relief under section 10 of the Firearm Owners Identification Card Act (430 ILCS 65/10 (West 2022)). See 720 ILCS 5/24-1.1(a) (West 2022).

¶ 10       Last, we address defendant's argument that the UPWF statute is facially invalid under article I, section 22 of the Illinois Constitution. As discussed in *Travis*, we reject defendant's claim that by extending the right to bear arms to "the individual citizen" the Illinois Constitution provides greater protection than the right granted to "the people" under the second amendment. *Travis*, 2024 IL App (3d) 230113, ¶ 42. While the use of the phrase "individual citizen" broadens the scope of the type of arms covered by expanding it beyond weapons only traditionally used by a regulated militia (*id.* ¶ 40), article I, section 22 also provides the state with an immense degree of control over firearms by explicitly limiting the right to bear arms subject to the police power. Ill. Const. 1970, art. I, § 22. The disarmament of felons under the UPWF statute is a proper exercise of this power, which contemplates legislation intended to prohibit or restrict anything that presents a danger to the welfare of the people. *Travis*, 2024 IL App (3d) 230113, ¶¶ 41, 43.

¶ 11       Accordingly, we find that the UPWF statute is facially constitutional under both the United States and Illinois Constitutions.

¶ 12                                    III. CONCLUSION

¶ 13       For the reasons stated, we affirm the judgment of the circuit court of La Salle County.

¶ 14       Affirmed.

4